UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE PEREZ BARRON, | : | CIVIL NO. **1:09-CV-00816** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| UNITED STATES, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

On April 30, 2009, the plaintiff, a federal prisoner proceeding *pro se,* commenced this action by filing a complaint. The plaintiff has also filed an application to proceed *in forma pauperis.*

The plaintiff is incarcerated at the Moshannon Valley Correctional Institution. The plaintiff claims that he is receiving inadequate medical treatment at the Moshannon Valley Correctional Institution.

The defendants named in the complaint are: 1) the United States; 2) the Federal Bureau of Prisons; 3) the

Regional Director of the Federal Bureau of Prisons; 4) the General Counsel of the Federal Bureau of Prisons; 5) P. Justen, identified in the caption of the complaint as SSIM/BOP; 6) Cornell Companies, Inc., identified in the complaint as a private corporation that owns the Moshannon Valley Correctional Institution; 7) Michael Zenk, the Warden of the Moshannon Valley Correctional Institution; 8) Ms. Dawson, the administrative medical director at the Moshannon Valley Correctional Institution; and 9) Dr. Agra, a medical doctor at the Moshannon Valley Correctional Institution.

The plaintiff's claims concern events that occurred at the Moshannon Valley Correctional Center. The Moshannon Valley Correctional Center is in Clearfield County, Pennsylvania. Clearfield County is in the Western District of Pennsylvania. Venue in this case is proper in the United States District Court for the Western District of Pennsylvania.

28 U.S.C. §1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in

> the same State, (2) a judicial district in
> which a substantial part of the events or
> omissions giving rise to the claim occurred, or
> a substantial part of property that is the
> subject of the action is situated, or (3) a
> judicial district in which any defendant may be
> found, if there is no district in which the
> action may otherwise be brought.

The plaintiff's claim concerns events that occurred in the Western District of Pennsylvania. The individual defendants presumably reside in the Western District of Pennsylvania. The plaintiff has not alleged any facts that would lay venue in the United States District Court for the Middle District of Pennsylvania.[1]

Venue in this case is proper in the United States District Court for the Western District of Pennsylvania, not this court.

---

1. The plaintiff does allege that he was sentenced in the United States District Court for the Middle District of Pennsylvania by Judge Rambo. However, that the petitioner was sentenced in the Middle District of Pennsylvania does not lay venue in this court for his claims regarding treatment at a prison located in the Western District of Pennsylvania.

3

It is recommended that this action be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

                                      ***/s/ J. Andrew Smyser***
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated: May 22, 2009.