IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSE PEREZ-BARRON, )
)
        Plaintiff, )
)
v. ) Civil Action No. 09-173J
) Judge Gibson
) Magistrate Judge Bissoon
UNITED STATES, *et al.*, )
)
        Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss (Doc. 20) filed by Cornell Companies Defendants[1] be granted, and that the Motion to Dismiss or for Summary Judgment (Doc. 28) filed by the Federal Defendants[2] be granted.

### II. REPORT

Jose Perez-Barron, an inmate confined under judgment of sentence at the Moshannon Valley Correctional Center ("MVCC"), located in Philipsburg, Pennsylvania, commenced this prisoner civil rights lawsuit on April 30, 2009, in the United States District Court for the Middle District of Pennsylvania. Plaintiff alleges that he was denied his right to necessary medical care, and that this is a violation of due process and his rights under the Fourteenth Amendment to the

---

[1] Cornell Companies, Inc., the Warden of Moshannon Valley Correctional Center (Mr. Zenk), Ms. Dawson and Dr. Agra will be referred to collectively as the "Cornell Companies Defendants."

[2] The United States of America, the Federal Bureau of Prisons ("FBOP"), the regional Director of the FBOP and Mr. P. Justen will be referred to collectively as the "Federal Defendants."

United States Constitution (Doc. 1, pp. 10-11). Plaintiff was granted leave to proceed *in forma pauperis*, and the case was transferred to this Court on June 22, 2009.

The Cornell Companies Defendants move to dismiss on the basis that Plaintiff cannot sue them for an alleged violation of his civil rights (Doc. 20). Cornell Companies, Inc., is a private entity that operates MVCC under contract with the Federal Bureau of Prisons. Cornell Companies, Inc., and its employees, argue that the available means of suing a federal agent for the violation of civil rights, a suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), does not apply to them. Plaintiff has responded to this motion (Doc. 27) and it is ripe.

The Federal Defendants also move to dismiss or for summary judgment (Doc. 28) on numerous bases. Plaintiff was directed to the respond to the motion on or before February 11, 2010, but no response to this motion has been filed.

### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

A party's burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial*" (Fed. Rule Civ. Proc. 56(e) (emphasis added)), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., 477 U.S. at 251-52.

**B.     Analysis.**

    **1.     The Cornell Companies Defendants.**

The Court of Appeals for the Third Circuit has not, to date, addressed the issue of whether a Bivens action may be brought against a private company operating a federal prison, or whether such a claim may be brought against that private company's employees. However, the Court of Appeals for the Fourth Circuit in Holly v. Scott, 434 F.3d 287 (4th Cir.), cert. denied, 126 S.Ct. 2333 (2006), followed the Supreme Court's opinion in Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), which reasoned that the purpose of Bivens is only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy." Malesko, 534 U.S. at 70. The Fourth Circuit noted that the plaintiff possessed an adequate state court remedy, and declined to extend Bivens on the basis that the existence of this alternative remedy foreclosed creation of a Bivens action. This reasoning is consistent with the Supreme Court's most recent statements concerning the extension of Bivens claims. Wilkie v.

Robbins, 551 U.S. 537, 550 (2007) ("We have seen no case for extending Bivens to claims against . . . private prisons.") (citations omitted). A similar conclusion was reached by the Court of Appeals for the Eleventh Circuit in Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008).[3]

The undersigned agrees with the analysis set forth at length in both Holly and Alba, and the same result is applicable in this case. Plaintiff has available state court causes of action against the Cornell Companies Defendants for negligence with respect to the alleged denial of medical care. In light of Plaintiff's ability to seek relief in the state courts, there is no need to "create" a Bivens action to provide a remedy. Holly, supra; Alba, supra. Plaintiff's Bivens claims against The Cornell Companies Defendants should be dismissed.

### 2. Federal Defendants.

Plaintiff alleges that the Federal Defendants failed to transfer him to a medical facility where he could have obtained better medical care than was provided at MVCC, and also alleges that the Federal Defendants are responsible for the inadequate medical care provided by the Cornell Company Defendants while Plaintiff was incarcerated at MVCC.

The Federal Defendants first move for summary judgment on the basis that, while Plaintiff pursued administrative remedies with respect to the medical care he received at MVCC, he never pursued administrative remedies concerning his claim that he was denied a transfer to another institution. No prisoner civil rights claim may be commenced by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). An inmate is required to "avail[ ] himself of every process at every turn" in the applicable prison

---

[3] But see, Pollard v. Geo Group, Inc., 607 F.3d 583 (10th Cir. 2010) (district court has jurisdiction over Bivens claim against employees of private corporation); Peoples v. CCA Detention Centers, 449 F.3d 1097 (10th Cir. 2006) (district court has jurisdiction over Bivens claim against private corporation).

administrative process.  Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  "[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  This exhaustion requirement applies to Bivens claims, such as those in the instant case.  Nyhuis, 204 F.3d at 68.

The Federal Defendants have presented evidence that Plaintiff never sought to pursue available administrative remedies with respect to his claim that he was denied a medical transfer (Declaraion of Vanessa Herbin-Smith, Doc. 29-1, pp. 1-3).  Plaintiff has not responded to the Federal Defendants' motion although he was ordered to do so.  The declaration offered by the Federal Defendants is not challenged, and the factual record will be accepted as presented in that declaration.  Plaintiff's claim that he was denied transfer to another FBOP facility is not cognizable because Plaintiff failed to exhaust available administrative remedies.

The Federal Defendants also move for summary judgment with respect to any claim that they are responsible for actions taken (or not taken) by the Cornell Companies Defendants.  More specifically, Plaintiff alleges that the FBOP Regional Director and the FBOP Director are "responsible for conditions and operations at MVCC" and that they are "final policymaker[s]" for MVCC (Doc. 1, p. 2).  Plaintiff sues these Defendants in their official as well as their individual capacities.

First, sovereign immunity precludes Plaintiff from bringing a Bivens action against the FBOP or the United States.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Second, Bivens claims

against federal agents in their official capacities are deemed suits against the employing government agency and, as such, also are barred by the doctrine of sovereign immunity. Lewal v. Ali, 289 F. App'x. 515, 516 (3d Cir. 2008) (citing FDIC v. Meyer, 510 U.S. at 483). And, third, Plaintiff has failed to allege that any Federal Defendant had any direct involvement in the provision of medical care at MVCC. A Bivens action cannot be sustained on the basis of respondeat superior, but requires personal involvement in the underlying constitutional deprivation. Huberty v. U.S. Ambassador to Costa Rica, 316 F. App'x 120, 122 (3d Cir. 2008).

Plaintiff also appears to allege a claim pursuant to the Federal Tort Claims Act ("FTCA") for the allegedly negligent medical care he received while at MVCC. The individual Federal Defendants are entitled to dismissal of this claim because the United States is the only appropriate party to such a claim. McNiff v. Asset Management Specialists, Inc., 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004). With respect to the United States, the FTCA creates a limited waiver of sovereign immunity for injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the FTCA limits the Court's jurisdiction by requiring claimants to first file an administrative claim with the relevant agency and receive a written denial of the claim before suit can be filed in federal court. 28 U.S.C. § 2675(a). The Federal Defendants have presented evidence that Plaintiff did not file an administrative claim for purposes of the FTCA (Declaration of Vanessa Herbin-Smith, Doc. 29-1, p.4). Again, Plaintiff does not contest this evidence. Plaintiff's FTCA claim is barred due to his failure to pursue an administrative claim.

### III. **CONCLUSION**

It is respectfully recommended that the Motion to Dismiss (Doc. 20) filed by the Cornell Companies Defendants (Doc. 20) be granted, and that the Motion to Dismiss or for Summary Judgment filed by the Federal Defendants (Doc. 28) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by August 2, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: July 19, 2010
                                          s/Cathy Bissoon
                                          Cathy Bissoon
                                          United States Magistrate Judge

cc:
JOSE PEREZ-BARRON
15887-067
Moshannon Valley Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866